IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KEVIN ROZELLE, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-18-044-KEW
 )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
        Defendant. )

**OPINION AND ORDER**

Plaintiff Kevin Rozelle (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 48 years old at the time of the ALJ's decision. Claimant completed his high school education and obtained an Associate's Degree. Claimant has worked in the past as an infantry unit leader, machine maintenance repairer, and technical training instructor. Claimant alleges an inability to work beginning September 15, 2012 due to limitations resulting from PTSD, traumatic brain injury, herniated disc in the neck, IBS, spastic colon, rectal prolapse, status post three knee surgeries,

3

degenerative joint disease, impulse disorder, and a hiatal hernia.

## Procedural History

On August 19, 2015, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 21, 2016, Administrative Law Judge ("ALJ") Lantz McClain conducted an administrative hearing in Tulsa, Oklahoma. On September 14, 2017, the ALJ entered an unfavorable decision. The Appeals Council denied review on December 5, 2017. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) finding he could perform any of the jobs identified by the ALJ under the RFC; and (2) failing to include all of Claimant's impairments in the RFC and the hypothetical questioning of the vocational expert.

4

## Step Five Evaluation

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease of the cervical spine, history of rectal prolapse with surgical repair, status post bilateral knee surgery, post traumatic stress disorder, and substance abuse disorder. (Tr. 20). The ALJ offered two RFC assessments - one in consideration of Claimant's substance abuse disorder and a second in the event Claimant stopped abusing substances. In the first which considers Claimant's substance abuse disorder, the ALJ determined Claimant retained the RFC to perform light work. In so doing, he could lift/carry up to 20 pounds at a time and ten pounds frequently; stand, walk, and sit for at least six hours in an eight hour workday; engage in occasional climbing of ramps and stairs and occasional balancing, stooping, kneeling, crouching, and crawling. Claimant must avoid overhead work and exposure to extreme cold or hazards. Claimant was limited to performing simple, repetitive tasks. He could relate to supervisors and co-workers superficially but he could not have interaction with the public. Due to his substance abuse, Claimant would be unable to complete a normal workday and would be off task at least 20% of the workday. (Tr. 22).

If Claimant stopped the substance use, the ALJ determined in

an alternative RFC that Claimant could lift/carry up to 20 pounds at a time and up to ten pounds frequently.  He could stand, walk, and sit for at least six hours in an eight hour workday.  Claimant could engage in occasional climbing of ramps and stairs and occasional balancing, stooping, kneeling, crouching, and crawling. Claimant must avoid overhead work and exposure to extreme cold or hazards.  He was limited to performing simple, repetitive tasks. He could relate to supervisors and co-workers superficially and he could not have interaction with the public.  Relating to co-workers and supervisors superficially was defined by the ALJ as a job that does not require much direct or frequent supervision and where co-workers might be around but that Claimant would not have to work together with them to accomplish tasks or be part of a team.  (Tr. 25).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of mail clerk, food product sorter, and hand painter, all of which the ALJ found existed in sufficient numbers in the national economy  (Tr. 32).  As a result, the ALJ concluded that Claimant's substance abuse disorder was a contributing factor material to the determination of disability, because Claimant would not be disabled if he stopped the substance abuse.  He found Claimant had not been disabled at any time from the alleged onset date through the date of the decision.

6

Id.

Claimant contends he could not perform the jobs identified by the ALJ based upon the restrictions in the RFC and the requirements of the jobs. Claimant was limited to simple, repetitive tasks in the RFC. (Tr. 25). The vocational expert completed a Vocational Interrogatory form which indicated a written hypothetical question which included a limitation to "simple, repetitive tasks." (Tr. 339). In response, the vocational expert identified the representative jobs of mail clerk, DOT #209.687-026, food products sorter, DOT #529.687-186, and hand painter, DOT #740.684-026. (Tr. 340). The ALJ adopted all three of these jobs as the representative jobs Claimant could perform in the decision. (Tr. 32).

A review of the *Dictionary of Occupational Titles* reveals that the mail clerk job requires a reasoning level of 3[2], the hand painter job requires a reasoning level of 2, and the food product sorter job requires a reasoning level of 1. A reasoning level of 3 is inconsistent with "simple, routine tasks". Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005). The hand painter job identified by the ALJ include a reasoning level of 2, which requires the ability to "[a]pply commonsense understanding to carry

---

[2] The GED reasoning levels are associated with the level of simplicity associated with a particular job. Cooper v. Barnhart, 2004 WL 2381515, at 4 (N.D. Okla.).

out detailed but uninvolved written or oral instructions." This exceeds the RFC limitation which would necessarily entail simple, routine work and not detailed instructions which are required for all of this representative job. *See*, McKinnon v. Astrue, 2010 WL 3190621, at 5 (D.Colo.); Allen v. Barnhart, 2003 WL 22159050, at 10 (N.D. Cal.).

The remaining job of food product sorter is designated as having only a reasoning level of 1 which requires "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." This more appropriately meets the functional level established by the ALJ in the RFC. Identification of any jobs which Claimant could perform under the RFC satisfies the step five requirements. *See* Nunn v. Apfel, 149 F.3d 1191, 1998 WL 321189, *2 (10th Cir. 1998)(Even assuming that claimant's objections to some of the jobs identified by the vocational expert are well taken, if claimant can perform some of the jobs identified, the ALJ can rely on those jobs to find claimant not disabled). Remand is not required on this issue.

**Evaluation of Claimant's Impairments**

Claimant asserts the ALJ erred by failing to make accommodation

8

in the RFC for his damaged knees, cervical degeneration, and problems with his hands and arms. The ALJ noted that Claimant had bilateral knee pain but underwent surgery on the right knee to repair an ACL without complication. His left knee caused him pain. However, upon examination, his knees showed no edema, normal range of motion, no evidence of joint instability, and no pain on patellar displacement. (Tr. 437). Claimant later reported during a pain management appointment that he has occasional pain and giving way of his left knee. He felt he was coping "really well" with the left knee and it only hurts him on occasion and did not have a sense of everyday instability of the knee. He wore a knee support periodically but did not wear it a significant amount of time. (Tr. 426).

Claimant also was noted to have a cervical disorder. The latest MRI revealed moderate degenerative changes at the C6-7 level with narrowing of the disc space and an otherwise negative spinal series. (Tr. 644). He underwent pain management but the complaint entailed the lower back. (Tr. 412). He showed a normal gait, could walk on his tiptoes and on heels, straight leg raising was negative, range of motion of the cervical spine was limited. (Tr. 416). Of note and as the ALJ recognized, Claimant was scheduled for a pain procedure but called to cancel with instructions not to reschedule at that time. (Tr. 622).

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The fact Claimant was diagnosed with various conditions does not translate into medically determinable impairments. Other than identifying the conditions, Claimant in no way demonstrated that they significantly limited Claimant's ability to work. No error is attributed to the ALJ's analysis of Claimant's functional abilities.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 20th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE